162

**Rudik HOVHANNISYAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–71350.

United States Court of Appeals, Ninth Circuit.

Submitted April 28, 2009.*

Filed July 22, 2009.

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Daniel R. Cooper, Jr., Gary Michael Guarino, Assistant U.S., Office of the U.S. Attorney, Anchorage, AK, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SKOPIL, LEAVY and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Rudik Hovhannisyan, a native of the former Soviet Union and a citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility determination under the substantial evidence standard and will uphold the determination unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the adverse credibility determination. Hovhannisyan's testimony regarding material events was vague, lacked sufficient detail, and, in several instances, was inconsistent with his declaration. *See Kohli v. Gonzales,* 473 F.3d 1061, 1071 (9th Cir.2007) (finding discrepancies between petitioner's testimony and declaration substantially supported an adverse credibility finding); *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (upholding adverse credibility determination where at least one of the identified grounds is supported by substantial evidence and goes to the heart of the asylum claim); *Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999) (upholding adverse credibility finding based on petitioner's demeanor and testimony that was inconsistent, implausible, and lacking in specificity). The adverse credibility determination also is supported by Hovhannisyan's failure to produce general background evidence corroborating his claim. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

Because Hovhannisyan failed to establish eligibility for asylum, he necessarily has failed to meet the more stringent standard for withholding of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir.2005). Hovhannisyan also has failed to meet the standard for CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

163

1156–57 (9th Cir.2003); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.